**Benjamin Lee Steigerwalt, (CA SBN: 352634)**
Sevens Legal, APC
3555 Fourth Avenue
San Diego, CA 92103
Telephone: (619) 297-2800
Fax: (619) 346-4226
Email: ben@sevenslegal.com

**Attorney for Defendant**
**WAYNE FISTER**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA
### (HONORABLE JUDGE ANDREW G. SCHOPLER)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>WAYNE FISTER,<br><br>Defendant | CASE NO.: 26-CR-0723-AGS<br><br>STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION<br><br>Date: April 17, 2026<br>Time: 2:00 p.m. |

TO: ADAM GORDON, UNITED STATES ATTORNEY; AND NATHAN P. BROOKS AND ALYSSA SANDERSON, ASSISTANT UNITED STATES ATTORNEYS:

## I.
## STATEMENT OF FACTS

The defendant, WAYNE FISTER, is charged in an Indictment alleging nine counts of mail fraud, in violation of 18 U.S.C. §§ 1341; two counts of selling counterfeit stamps, in violation of 18 U.S.C. §§ 501; and one count of money laundering, in violation of 18 U.S.C. §§ 1957.

Discovery has not been made available, and the government is in the process of filing a motion for a protective order and once ordered, discovery will be made available.

The defense requests leave to file additional motions after further review of the discovery and investigation.

## II.

## POINTS AND AUTHORITIES

A. <u>DISCOVERY</u>

The defense requests discovery of those items set forth below under F.R.Cr.P. 16(a)(1)(A) - (G), F.R. Evid. 404(b), this court's supervisory power, and the due process clause of the Fifth Amendment.

1. All oral, written or recorded statements or testimony in the government's possession made by the defendant and codefendants. All reports related to the circumstances of such statements, and a copy of any Miranda warning form and waiver form utilized in connection with questioning of the defendant. F.R.Cr.P. 16(a)(1)(A) and (B).

2. A copy or inspection of any books, papers, documents, photographs, or tangible objects obtained form or belonging to the defendant, or which will be used in the government's case in chief or are otherwise material to the preparation of this defendant's defense and any and all reports relating to the circumstances under which such books, papers, documents, etc., cane into the possession of the government. F.R.Cr.P. 16(a)(1)(E).

Such items are material to preparing the defense including any document or object which contains any information, which has tendency to make the facts alleged in the indictment more or less probable[1].

Any information which would be helpful to prepare a defense or to decide to abandon a line of defense is material under Rule 16; and, information which is

---

[1] F.R.Evid. 401(a). <u>United States</u> v. <u>Hernandez-Meza</u>, 720 F.3d 760 768-69(9th Cir.2013); <u>United States</u> v. <u>Muniz-Jaquez</u>, 718 F.3d 1180(9th Cir. 2013); <u>United States</u> v. <u>Doe</u>, 705F.3d 1134(9th Cir. 2013); <u>United States</u> v. <u>Budziak</u>, 697 F.3d 1105(9th Cir. 2012); <u>United States</u> v. <u>Steven</u>, 603 F.3d 747(9th Cir. 2010)

relevant to an element of the charged offense is material. And, the elements of the offense are stated in the indictment.[2]

Such items include, but are not limited to, the phones seized and their contents; any and all other media seized, to include but not limited to computers, external hard drives, and USB thumb drive memory sticks, and video tapes, photographs, any and all search warrants and affidavits in support of search warrants for defendant or his property, for any and all other search warrants and affidavits in support of search warrants issued, served and executed on individuals related to this instant case, any and all phones seized and any and all other media, during the execution of all related search warrants and including all inventory sheets generated during the execution of all related search warrants. Lastly, including but not limited to any and all social media and third party messaging discovery, any and all related digital or otherwise obtained evidence from county jails, federal contracted facilities and/or Metropolitan Correctional Center San Diego or any and all United States Marshal facilities for defendant or any other related cases as they relate to relevant search warrants.

Pursuant to F.R.Cr.P. 12(b)(4)(B), the defendant requests it be advised what physical evidence or observations from any searches in this case which the government intends to introduce into evidence.

3. Disclosure of the names and identity of expert witnesses the government intends to call at trial, their qualifications, subject of testimony, and reports; and the results of tests, examinations or experiments which are material to the

---

[2] United States v. Hernandez-Meza, 720 F.3d 760, 768-69(9th Cir. 2013) (The naturalization certificate of the defendant's mother in an illegal reentry prosecution). ("Materiality is a low threshold; it is satisfied so long as 'the information… would have helped" … prepare a defense. Information is material even if it simply causes a path' … A defendant needn't spell out his theory of the case in order to obtain discovery. Nor is the government entitled to know in advance specifically what the defense is going to be. The relevant subsection of Rule 16 is written in categorical terms … lack of knowledge or even a showing of due diligence won't excuse non-compliance… It thus behooves the government to interpret the disclosure requirement broadly and turn over whatever evidence it has pertaining to the case.")

preparation of this defendant's defense or which are intended for use by the government as evidence in chief at the trail; and a written summary of testimony the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case in chief at trial. Pursuant to F.R.Cr.P. 16(a)(1)(G), this summary must describe the witnesses' opinions, the basis and reasons therefor, and the witnesses' qualifications.

   4. A copy of or disclosure of the defendant's prior criminal record, if any; and a copy of the prior criminal records of the codefendants. F.R.Cr.P. 16(a)(1)(D).

   5. Disclosure of any and all prior similar crimes, wrongs or acts, if any, or convictions of a similar nature to the charge in this case, if any, which the government may seek to rely upon to introduce as evidence at any hearing or trial in this case for any purpose including proof of knowledge or intent on the part of the defendant, codefendants or coconspirators in this case, and the investigative reports and witnesses concerning such acts. F.R. Evid. 404(b).

   6. Any and all evidence in the government's possession or which could be reasonably acquired by the government which would be favorable to this defendant on the issues of guilt or sentencing under the principles of Brady v. Maryland, 373 U.S. 383(1963) and Giglio v. United States. 405 U.S. 153 (1972). The defense requests any information which would tend to attenuate, exculpate, exonerate or mitigate this defendant's involvement in the circumstances involved in the Indictment. The defense requests that the government inquire of the agents and witnesses involved in the investigation and prosecution of this Indictment.

   7. The identities of known unindicted accomplices, aiders and abettors, or coconspirators.

   8. Notice of any identification procedure (photographic, in person, or otherwise), and any documents relating thereto, involving this defendant. F.R.Cr.P. 12(b)(4)(B).

///

9. Disclosure of whether or not there has been any electronic surveillance of this defendant or any co-defendants and/or their various premises in this case and the investigation of this case. 18 U.S.C. § 2518(8)(d), (9), (10)(a).

10. Any and all voice records, tapes, mechanical or electrical recordings, logs, records, reports, memoranda, notes, letters or directives of any electronic or other surveillance of any wire or oral communications, including pen register data, relating to this defendant or any co-defendants in this case including any such records and/or surveillance as to which a party to the conversation allegedly consented. F.R.Cr.P. 12(b)(4)(D), 16(a)(1)(E) and (G).

11. Disclosure of the prior convictions of persons whom the government intends to call as witnesses at any hearing or trial in this case. Giglio v. United States 405 U.S. 153 (1972).

12. The name(s) and identities of any informant(s) and/or cooperating individual(s) involved in any investigation underlying this indictment and the prosecution of this indictment and/or who are witnesses to any events, incidents, or conversations relating to the alleged criminal activity underlying this indictment.

13. With respect to the informant(s) and witnesses referred to in Items No. 11 and 12, the disclosure of: (i) any and all prior convictions of the informant(s) and other government witnesses; (ii) any and all prior bad acts of the informant(s) and other government witnesses; (iii) any and all considerations given to or promises made to the informant(s) and other government witnesses; (iv) any and all advisements of potential charges or imprisonment and/or fines; (v) any and all threats made by the government or coercion applied by the government against the informant(s) and other government witnesses; (vi) any and all prior testimony of the informant(s); (vii) any and all information which arguably could be helpful or useful to the defense in impeaching or otherwise detracting from the probative force of the government's evidence, witnesses, and informant(s) or which could

arguably lead to such records or such information, including any evidence or information tending to show the potentiality for bias on the part of the government informant(s) and government witnesses at the time of or prior to the relevant events, and/or the informant(s) and government witnesses' personal dislike of any of the defendants in this indictment; and, (viii) the number of investigations in which the informant(s) have participated on behalf of the government, the nature of and total amount of remuneration or consideration considerations provided to the informant(s) pursuant to such activities, and the consideration and//or remuneration provided to or promised to the informant(s) as a result of the investigation or investigations underlying this indictment. <u>Giglio</u> v. <u>United States</u>, <u>supra</u>.

14. The opportunity to interview any informant(s) and/or cooperating individual(s) sufficiently in advance of trial so that any further investigation which may be necessary may be accomplished without interrupting the trial itself.

15. Disclosure of the names of the government's witnesses and their statements.

16. The review of witness files pursuant to <u>United States</u> v. <u>Henthorn</u>, 931 F.2d 29 (9th Cir. 1991).

The defense requests that the requested discovery be ordered preserved and provided and that hits Court enter appropriate orders under F.R.Cr.P. 16. Rule 16 proscribes the minimum amount of discovery to which the parties are entitled. This Court has the power to order broader discovery; including the identity of the witnesses. <u>United States</u> v. <u>Cadet</u>, 727 F.2d 1453, 1468-1469 (9th Cir. 1984); <u>United States</u> v. <u>Sims</u>, 637 F.2d 625, 629 (9th Cir. 1980); <u>United States</u> v. <u>Armstrong</u>, 621 F.2d 951, 954-55(9th Cir. 1980); <u>United States</u> v. <u>Richter</u>, 488 F.2d 170, 173-75 99th Cir. 1973).

The defense further requests that government agent rough notes be preserved and made available at the time of the pretrial motion hearing.

///

B. <u>REQUEST FOR PRESERVATION OF EVIDENCE</u>.

The defense requests that all physical, documentary, and/or electronic evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the offense and/or arrest or the events leading to the offense and/or the arrest in this case be preserved.

This request includes, but is not limited to, any and all evidence obtained during the course of investigation of this case and any related cases, the alleged drugs in the same case or related cases, the container(s) holding the alleged drugs, the defendant's personal effects, any other evidence seized from the defendant or any third party or co-defendants, any video tapes or photographs or physical and/or electronic documentation created during the course of investigation of this case and any related cases, any fingerprints and fingerprint evidence; and, any other dispatch tape or electronic recording of events relating to the offense, investigation and arrest.

It is requested that the government inquire of all the agencies and individuals involved in the prosecution and investigation of this case to determine if such evidence exists, to inform those parties to preserve any such evidence; and that the Court order such inquiry and preservation.

C. <u>LEAVE TO FILE FURTHER PRETRIAL MOTIONS AND FURTHER HEARING DATE</u>.

The defense requests leave to file further pretrial motions and a later hearing date for substantive pretrial motions so that the defense may review discovery not yet provided and complete relevant investigation.

///
///
///
///
///

## III.
## CONCLUSION

For these reasons and any further reasons which come to the Court's attention prior to or at the time of the hearing of these motions, counsel respectfully requests that this Court grant these motions.

Date: <u>March 11, 2026</u>  Respectfully submitted,

<u>*s/ Benjamin L. Steigerwalt*</u>
Benjamin L. Steigerwalt
Attorney for Defendant
WAYNE FISTER