ADAM GORDON
United States Attorney
NATHAN BROOKS
North Carolina Bar Nos. 37161
Assistant U.S. Attorneys
United States Attorney's Office
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-6952
Nathan.brooks@usdoj.gov

Attorneys for United States of America



FILED

JUN 1 1 2026

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 26-CR-723-AGS |
|---|---|
| Plaintiff, | |
| v. | PLEA AGREEMENT |
| WAYNE FISTER, aka "Wayne Wong," | |
| Defendant. | |

IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA, through its counsel, Adam Gordon, United States Attorney, and Nathan Brooks, Assistant United States Attorney, and Defendant WAYNE FISTER, with the advice and consent of Samantha Greene, counsel for Defendant, as follows:

I

## THE PLEA

A.    THE CHARGE

Defendant agrees to plead guilty to Count 1 of the Indictment charging Defendant with Mail Fraud, in violation of 18 U.S.C. § 1341, and consents to the allegations with respect to criminal forfeiture.

Plea Agreement                                    Def. Initials _____

B.   CRIMINAL FORFEITURE

Defendant consents to the forfeiture of all property seized in connection with this case and consents to the entry of a forfeiture money judgment against him in the amount of $6,068,929 which is the amount of proceeds he personally received from the offense in the Indictment.  The Financial Addendum shall govern the parties' agreements with respect to forfeiture and restitution in this case.

## II

## NATURE OF THE OFFENSE

A.   ELEMENTS EXPLAINED

The offenses to which Defendant is pleading guilty have the following elements:

<u>Count 1</u>

1.   Defendant knowingly participated in or devised a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises;

2.   The statements made as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

3.   The defendant acted with the intent to defraud; that is, the intent to deceive and cheat; and

4.   The defendant used, or caused to be used, the mails to carry out or attempt to carry out an essential part of the scheme.

As to the forfeiture, the Government would have to prove, by a preponderance of the evidence, the property constitutes or is derived from proceeds the Defendant obtained directly or indirectly from the violation.

//

B.    ELEMENTS UNDERSTOOD AND ADMITTED – FACTUAL BASIS

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each element of the crime and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

1.    Beginning in or around December 2009, Defendant began selling items on an online marketplace based in the United States ("Online Marketplace").  Defendant's seller account on Online Marketplace was called "WLF."

2.    In or around July 2024, Defendant began selling counterfeit United States postage stamps through his WLF seller account to buyers in the Southern District of California and elsewhere in the United States.

3.    Defendant advertised the stamps sold on his WLF account as genuine, even though he knew that they were counterfeit.

4.    Defendant purchased the counterfeit United States postage stamps from a seller ("Seller") in China, who sold the counterfeit stamps to Defendant at prices approximately 10 percent of the prices charged for genuine United States postage stamps.  The counterfeit stamps were shipped to Defendant from China via a warehouse in Texas.

5.    In or around October 2025, the United States Postal Inspection Service ("USPIS") intercepted over one million stamps that Defendant had ordered from Seller, and that had been intended for Defendant's home address in San Diego, California.  The retail value of the genuine versions of those counterfeit stamps was approximately $1,000,000

6.    Between in or around July 2024 and in or around March 2024, Defendant received $6,068,929 from the sale of counterfeit United States postage stamps through his WLF seller account on Online Marketplace.

Plea Agreement                                                Def. Initials

## III

## PENALTIES

The crime to which Defendant is pleading guilty carries the following penalties:

### Count 1

A.    a maximum 20 years in prison;

B.    a maximum $1,000,000 fine;

C.    a mandatory special assessment of $100 per count;

D.    a term of supervised release of up to 5 years. Failure to comply with any condition of supervised release may result in revocation of supervised release, requiring Defendant to serve in prison, upon revocation, all or part of the statutory maximum term of supervised release; and

E.    forfeiture to the United States of any property, real or personal, which constitutes or is derived from proceeds of the offense and all property traceable to such property.

In addition, pursuant to Title 18, United States Code, Section 3663A Defendant shall be subject to an order of restitution to victims of the offense or the estates of such victims. The parties agree that the amount of restitution to be imposed will require Defendant to repay $6,068,929.

## IV
### DEFENDANT'S WAIVER OF TRIAL RIGHTS AND UNDERSTANDING OF CONSEQUENCES

This guilty plea waives Defendant's right at trial to:

A.    Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B.    A speedy and public trial by jury;

C.    The assistance of counsel at all stages;

Def. Initials ___

D.   Confront and cross-examine adverse witnesses;

E.   Testify and present evidence and to have witnesses testify on behalf of Defendant; and,

F.   Not testify or have any adverse inferences drawn from the failure to testify.

## V
### DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

Any information establishing the factual innocence of Defendant known to the undersigned prosecutor in this case has been turned over to Defendant. The Government will continue to provide such information establishing the factual innocence of Defendant.

If this case proceeded to trial, the Government would be required to provide impeachment information for its witnesses. In addition, if Defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a defense. By pleading guilty Defendant will not be provided this information, if any, and Defendant waives any right to this information. Defendant will not attempt to withdraw the guilty plea or to file a collateral attack based on the existence of this information.

## VI
### DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A.   Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, Defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject Defendant to various collateral consequences,

Plea Agreement

5

Def. Initials

including but not limited to revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which can serve as grounds to withdraw Defendant's guilty plea.

B.  No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the Court.

C.  No one has threatened Defendant or Defendant's family to induce this guilty plea.

D.  Defendant is pleading guilty because Defendant is guilty and for no other reason.

## VII

### AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other authorities in any type of matter, although the Government will bring this plea agreement to the attention of other authorities if requested by Defendant.

## VIII

### APPLICABILITY OF SENTENCING GUIDELINES

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. The sentence cannot be determined until a presentence report is prepared by the U.S. Probation Office and defense counsel and the Government have an opportunity to review and challenge

Plea Agreement

6

Def. Initials

the presentence report. Nothing in this plea agreement limits the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

## IX

## SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The sentence is within the sole discretion of the sentencing judge who may impose the maximum sentence provided by statute. It is uncertain at this time what Defendant's sentence will be. The Government has not made and will not make any representation about what sentence Defendant will receive. Any estimate of the probable sentence by defense counsel is not a promise and is not binding on the Court. Any recommendation by the Government at sentencing also is not binding on the Court. If the sentencing judge does not follow any of the parties' sentencing recommendations, Defendant will not withdraw the plea.

## X

## PARTIES' SENTENCING RECOMMENDATIONS

A.   SENTENCING GUIDELINE CALCULATIONS

Although the Guidelines are only advisory and just one factor the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments, and Departures:

| | | |
|---|---|---|
| 1. | Base Offense Level [USSG § 2B1.1] | 7 |
| 2. | Loss Amount [§2B1.1(b)(1)(H)] [More than $3,500,000] ~~$3,500,000~~ 5,000,000 | +18  J |
| 3. | Acceptance of Responsibility [§ 3E1.1] | -3 |

Def. Initials _W_

4.   Zero-point offender [§4C1.1]                    -2

B.   ACCEPTANCE OF RESPONSIBILITY

Despite paragraph A above, the Government need not recommend an adjustment for Acceptance of Responsibility if Defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following:

1.   Fails to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denies, or makes a statement inconsistent with, the factual basis set forth in this agreement;

2.   Falsely denies prior criminal conduct or convictions;

3.   Is untruthful with the Government, the Court or probation officer; or

4.   Breaches this plea agreement in any way.

C.   FURTHER ADJUSTMENTS AND SENTENCE REDUCTIONS INCLUDING THOSE UNDER 18 U.S.C. § 3553

Defendant may request or recommend additional downward adjustments, departures, or variances from the Sentencing Guidelines under 18 U.S.C. § 3553. The Government will oppose any downward adjustments, departures, or variances not set forth in Section X, paragraph A above.

D.   NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY

The parties have **no** agreement as to Defendant's Criminal History Category.

E.   "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

The facts in the "factual basis" paragraph of this agreement are true and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C.

Plea Agreement

8

Def. Initials _____

§ 3553(a)(1). Furthermore, the Government may present any facts and circumstances known at the time of sentencing, including facts concerning any of the counts charged in the Indictment or agreed-upon to be dismissed after sentencing, to support its recommended sentence and to argue against the sentence recommended by the defense.

F.    PARTIES' RECOMMENDATIONS REGARDING CUSTODY

Pursuant to 18 U.S.C. § 3553(a), the Government will recommend a 2-point downward variance from the advisory guideline range as calculated by the Government at the time of sentencing. The downward variance takes into consideration all the § 3553(a) factors, the waiver of appeal, and the resolution of this case without further litigating any new substantive motions.

After taking into consideration this downward variance, the Government will recommend that Defendant be sentenced to the low end of the advisory guideline range as calculated by the Government at the time of sentencing.

G.    SPECIAL ASSESSMENT/FINE

1.    Special Assessment

The parties will jointly recommend that Defendant pay a special assessment in the amount of $100.00 per felony count of conviction to be paid forthwith at time of sentencing. Special assessments shall be paid through the office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

2.    Fine

The parties will not recommend imposition of a fine due to the substantial restitution to be ordered and forfeiture money judgment to be imposed, due to Defendant's limited financial prospects, likelihood

Def. Initials _____

of deportation when released from custody, and because the cost of collection, even taking into account the Inmate Responsibility Program, likely would exceed the amounts that could reasonably be expected to be collected.

H.   SUPERVISED RELEASE

The Government is free to recommend a period of supervised release. Defendant shall not seek to modify, reduce, or terminate early any term of supervision imposed without the advance written consent of the Government and may not seek any modification, reduction, or terminations without having first paid in full all restitution, forfeiture money judgment, special assessment, and any fine ordered by the Court.

## XI

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence, including any restitution order up to $6,100,000 and any forfeiture money judgement ordered. This waiver includes, but is not limited to, any argument that the statute of conviction or Defendant's prosecution is unconstitutional and any argument that the facts of this case do not constitute the crime charged. The only exception is Defendant may collaterally attack the conviction or sentence on the basis that Defendant received ineffective assistance of counsel. If Defendant appeals, the Government may support on appeal the sentence or restitution order actually imposed.

## XII

## BREACH OF THE PLEA AGREEMENT

Defendant and Defendant's attorney know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim

Plea Agreement

10

Def. Initials _____

that the Government has not complied with this agreement. Otherwise, such claims shall be deemed waived (that is, deliberately not raised despite awareness that the claim could be raised), cannot later be made to any court, and if later made to a court, shall constitute a breach of this agreement.

Defendant breaches this agreement if Defendant violates or fails to perform any obligation under this agreement. The following are non-exhaustive examples of acts constituting a breach:

1.  Failing to plead guilty pursuant to this agreement;

2.  Failing to fully accept responsibility as established in Section X, paragraph B, above;

3.  Failing to appear in court;

4.  Attempting to withdraw the plea;

5.  Filing any substantive motion after the plea is entered;

6.  Failing to abide by any court order related to this case;

7.  Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of Section XI of this plea agreement; or

8.  Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

If Defendant breaches this plea agreement, Defendant will not be able to enforce any provisions, and the Government will be relieved of all its obligations under this plea agreement. For example, the Government may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the Government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (Defendant agrees that any statute of limitations relating to such charges is tolled

indefinitely as of the date all parties have signed this agreement; Defendant also waives any double jeopardy defense to such charges). In addition, the Government may move to set aside Defendant's guilty plea. Defendant may not withdraw the guilty plea based on the Government's pursuit of remedies for Defendant's breach.

Additionally, if Defendant breaches this plea agreement: (i) any statements made by Defendant, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); (ii) the factual basis statement in Section II.B in this agreement; and (iii) any evidence derived from such statements, are admissible against Defendant in any prosecution of, or any action against, Defendant. This includes the prosecution of the charge(s) that is the subject of this plea agreement or any charge(s) that the prosecution agreed to dismiss or not file as part of this agreement, but later pursues because of a breach by the Defendant. Additionally, Defendant knowingly, voluntarily, and intelligently waives any argument that the statements and any evidence derived from the statements should be suppressed, cannot be used by the Government, or are inadmissible under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, and any other federal rule.

**XIII**

**CONTENTS AND MODIFICATION OF AGREEMENT**

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No modification of this plea agreement shall be effective unless in writing signed by all parties.

**XIV**

12

Plea Agreement

Def. Initials

## DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, Defendant certifies that Defendant has read it (or that it has been read to Defendant in Defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

### XV

## DEFENDANT SATISFIED WITH COUNSEL

Defendant has consulted with counsel and is satisfied with counsel's representation. This is Defendant's independent opinion, and Defendant's counsel did not advise Defendant about what to say in this regard.

ADAM GORDON
United States Attorney

6/2/2026
DATED

*Alyssa Sanderson* for
NATHAN BROOKS
Assistant U.S. Attorney

6/1/26
DATED

SAMANTHA GREENE
Defense Counsel

for Samantha Greene

**IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" SECTION ABOVE ARE TRUE.**

29 May 2026
DATED

WAYNE FISTER
Defendant

/s/ Blanca Quintero
BLANCA QUINTERO
Deputy Chief, Major Frauds

13

Plea Agreement

Def. Initials ___