**United States v. WAYNE FISTER, Case No. 26CR723-AGS**

**FINANCIAL ADDENDUM**

1. Defendant's conviction will include financial penalties such as a forfeiture, fine, and restitution. This Financial Addendum is incorporated into and part of Defendant's plea agreement, and the additional terms and warnings below apply.

**A.    Forfeiture**

i. In addition to the penalties outlined in the plea agreement, federal law states Defendant must forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds the Defendant obtained directly or indirectly from the violation set forth in Count 1 of the Indictment.

ii. As part of Defendant's guilty plea to the Indictment, as set forth in section I of the plea agreement, Defendant consents to the forfeiture allegations of the Indictment, agrees to forfeit all properties seized in connection with the case, agrees to the imposition of a forfeiture money judgment in the amount of $6,068,929. Defendant further agrees to forfeit all property, real and personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of such offenses, including, but not limited to:

a. 26-USP-000028, $50,000.00 in J.P. Morgan Chase & Company account number 2907018095, held in the name of B&W Aviation Group, LLC;

b. 26-USP-000030, $50,000.00 in J.P. Morgan Chase & Company account number 2907361323, held in the name of B&W Lending, LLC;

c. 26-USP-000029, $726,065.96 in J.P. Morgan Chase & Company account number 255303619, held in the name of Everett

Plea Agreement                                             Def. Initials _W_

Enterprises, Wayne Fister Trustee or Benjamin Wong Trustee;

    d. 26-USP-000031, $818,371.00 in First Citizens Bank and Trust Company platinum savings account number 5703150804, held in the name of Wayne Wong;

    e. 26-USP-000032, $1.00 in First Citizens Bank and Trust Company personal eChecking account number 5871433366, held in the name of Benjamin Wong and Wayne Fister; and,

    f. 26-USP-000033, $57.44 in First Citizens Bank and Trust Company platinum savings account number 5686754520, held in the name of Benjamin Wong;

    g. Real property located at Real property located at 2035 31st St. San Diego, CA 92104, more particularly described as:

    APN/Parcel ID: 539-172-02-00

    Legal Description:

> THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF SAN DIEGO, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA AND IS DESCRIBED AS FOLLOWS:
>
> THE SOUTH 50 FEET OF THE NORTH 100 FEET OF LOTS 45 TO 48 INCLUSIVE, IN BLOCK 2 OF WATKINS AND BIDDIES ADDITION, IN THE CITY OF SAN DIEGO, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO MAP THEREOF NO. 258, FILED IN THE OFFICE OF THE COUNTY RECORDER OF SAN DIEGO COUNTY, JULY 7, 1886.

    h. Miscellaneous Gift Cards

    i. Ninety-Seven (97) Disney gift cards

    iii. The money judgment against Defendant represents monies subject to forfeiture to the United States as proceeds of illegal conduct in violation of 18 U.S.C. § 1349 as set forth in Count 1 and is subject to forfeiture to the United States pursuant to 18 U.S.C.

2

Def. Initials ___

§ 981(a)(1)(C) and 28 U.S.C. §2461(c). Defendant further agrees that the conditions for the substitution of assets for the full amount of the money judgment as set forth in 28 U.S.C. § 2461(c) and 18 U.S.C. 982(b) which incorporates 21 U.S.C. § 853(p) exist, and the United States may execute and collect the judgment against any and all other property up to the full amount of the forfeiture judgment.

iv. Defendant consents and agrees to the immediate entry of an order of forfeiture upon entry of the guilty plea. Defendant agrees that upon entry of the order of forfeiture, such order shall be final as to Defendant. Defendant agrees to immediately withdraw any claims in pending administrative or civil forfeiture proceedings to properties seized in connection with this case that are directly or indirectly related to the criminal conduct. By signing this addendum Defendant is hereby withdrawing any and all claims and any and all petitions relating to or arising from the seizures and forfeitures of properties. Defendant agrees to execute all documents requested by the Government to facilitate or complete the forfeiture process. Defendant further agrees not to contest, or to assist any other person or entity in contesting, the forfeiture of property seized in connection with this case. Contesting or assisting others in contesting the forfeiture shall constitute a material breach of the plea agreement, relieving the Government of all its obligations under the agreement including but not limited to its agreement to recommend an adjustment for Acceptance of Responsibility. Defendant agrees that the criminal forfeiture money judgment imposed by the Court will be (i) subject to immediate enforcement, and (ii) submitted to the Treasury Offset Program so that any federal payment or transfer of returned property the Defendant receives may be offset and applied to the outstanding balance on the

Financial Addendum                     3                  Def. Initials _____

forfeiture judgment. Defendant waives all notices with respect to the Treasury Offset Program and waives all rights to contest any and all offsets Defendant waives all demand for payment of the forfeiture judgment and waives all notices for substitution of property to collect the full amount of the judgment.

v. Defendant consents and agrees to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise defendant of this, pursuant to Rule 11(b)(1)(J), at the time the Court accepts the guilty plea(s).

vi. Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States and to testify truthfully in any judicial forfeiture proceeding.

vii. Defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

viii. Defendant acknowledges and agrees that the forfeiture in this case includes entry of a personal money judgment against Defendant, and that interest shall accrue on the judgment from the date

Financial Addendum

4

Def. Initials _____

of entry of the Order of Forfeiture in accordance with 18 U.S.C. § 3612(f) and 28 U.S.C. § 1961. The Defendant agrees that the United States may take all actions available to it to collect the full amount of the judgment, including enforcement of the judgment against substitute assets as provided in 21 U.S.C. § 853(p) and actions available under the Federal Debt Collections Procedure Act. Defendant further agrees that the judgment may be executed against property wherever it is held and it waives all rights to contest the enforcement of the judgment.  Defendant consents to the entry of the forfeiture judgment into the Treasury Offset Program and waives all notices of the Treasury Offset Program and all notices of offset.

ix.    The parties agree that the net proceeds forfeited, received and retained by the United States from the forfeiture of the specific properties described in ii(a)-(i) above will be credited against the forfeiture money judgment.

**B.    Restitution**

i.    The crimes to which Defendant is pleading guilty require an order from the Court pursuant to 18 U.S.C. § 3663A that Defendant make mandatory restitution to the victims of the offenses of conviction or the estate(s) of the victims(s). Defendant is also agreeing to the imposition of restitution for all relevant conduct.

ii. The amount of restitution ordered by the Court shall include restitution to any person directly harmed by the Defendant's criminal conduct in the course of the scheme, conspiracy, or pattern. The parties agree that the Court may also order restitution to persons other than the victims of the offense of conviction.  Restitution may include losses arising from counts dismissed and charges not prosecuted as well as all relevant conduct in connection with those counts and

Financial Addendum

5

Def. Initials

charges.

iii. The parties estimate the amount of restitution will be at least $6,068,929. Accordingly, the parties will jointly recommend that Defendant pay restitution in the amount of at least $6,068,929. Defendant understands that this is only an estimate based on currently available information, the amount and recommendation by the Government may be higher depending on additional information at sentencing, and the Court may impose restitution of any amount. Defendant agrees that a restitution award in an unanticipated amount is not grounds to withdraw Defendant's guilty plea. The defendant also agrees that nothing in this plea agreement or restitution addendum limits the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office to calculate restitution.

iv. The parties agree that notwithstanding any court order, the total amount of restitution will be due and payable in full when Defendant is sentenced, and will be considered delinquent until paid in full. The parties agree that any payment schedule imposed by the Court establishes only a minimum obligation, and does not foreclose the United States from exercising all legal actions, remedies, and process available to collect the restitution judgment, including but not limited to remedies pursuant to 18 U.S.C. §§ 3613 and 3664(m)(1)(A). Defendant will make a good faith effort to pay the full restitution. Defendant waives all demand for payment of restitution. Defendant further agrees that the restitution judgment may be executed against property wherever it is held and Defendant waives all rights to contest the enforcement of the judgment against any and all property owned by defendant or in which he has an interest.

Financial Addendum

Def. Initials ___

v.   The restitution shall be paid through the Office of the Clerk of the District Court by bank or cashier's check or money order referencing the criminal case number and made payable to the "Clerk, United States District Court."

**C.   FINE.**

i.   As set forth in the plea agreement the parties will jointly recommend the Court NOT impose a fine.  However, if the Court imposes a fine all the provisions below shall apply.  Any payment schedule for a fine imposed by the Court establishes only a minimum obligation. Defendant will make a good faith effort to pay any fine. Regardless of Defendant's compliance, any payment schedule does not limit the United States' ability to collect additional amounts from Defendant through all available collection remedies at any time.

ii.   The parties agree that notwithstanding any Court imposed schedule for payment of a fine, the total amount of the fine shall be due immediately and shall be deemed to be payable forthwith. Any payment schedule imposed by the Court establishes only a minimum obligation. Any payment schedule does not foreclose the United States from exercising all legal actions, remedies, and process available to collect the fine, including but not limited to remedies pursuant to 18 U.S.C. §§ 3613 and 3664(m)(1)(A).  Defendant will make a good faith effort to pay the fine.

iii. The fine shall be paid through the Office of the Clerk of the District Court by bank or cashier's check or money order referencing the criminal case number and made payable to the "Clerk, United States District Court."

Financial Addendum

7

Def. Initials ___

D.    **ADDITIONAL TERMS**

i.    Defendant agrees to waive all constitutional and statutory challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out or any restitution or fine ordered pursuant to this agreement, including any claim that the forfeiture, restitution, or fine constitutes an excessive fine or punishment under the United States Constitution.

ii.    The United States may run credit and other financial reports on Defendant using public and non-public databases and share such information with the Court and the U.S. Probation Office. Defendant also authorizes the Internal Revenue Service to transmit to the United States Attorney's Office copies of Defendant's income tax returns from 2022 until the restitution is paid in full and forfeiture proceedings are completed, and Defendant will promptly execute any documents necessary to carry out this authorization.

iii. Not later than 30 days after execution of the plea agreement, Defendant shall complete and provide to the United States, under penalty of perjury, a financial disclosure form listing all Defendant's current and projected assets and financial interests valued at more than $1,000. These include all assets and financial interests in which Defendant has an interest (or had an interest prior to May 1, 2025), direct or indirect, whether held in Defendant's name or in the name of another, in any property, real or personal, including marital and community property. Defendant shall also identify all assets valued at more than $5,000 which have been transferred to any third party since May 1, 2025, including the location of the assets, the identity of the third party or parties, and the amount of consideration received by the Defendant

Financial Addendum                                    8                    Def. Initials _____

for the transferred assets.

iv.  From the date this financial addendum is executed until the restitution/forfeiture judgment is paid in full and forfeiture proceedings are completed, Defendant shall notify the Asset Recovery Section of the United States Attorney's Office of (i) any interest in property worth more than $1,000 that Defendant obtains, directly or indirectly, and (ii) any interest in property owned directly or indirectly by Defendant worth over $1,000 that Defendant intends to transfer.  This obligation covers any interest in property obtained under any other name or entity, including a trust, partnership or corporation. The parties will jointly recommend that this requirement also be imposed as a condition of supervised release.

v.  Defendant agrees and understands that the restitution is delinquent until paid in full. Until the restitution is paid in full, Defendant shall immediately notify in writing the Asset Recovery Section, United States Attorney's Office, of any material change in Defendant's financial condition within one week of any change.

vi.  Defendant consents to the immediate recording of judgment liens as the United States deems appropriate as to all financial penalties imposed by the Court.

vii. Defendant agrees that the restitution, fine, and any other monetary penalty imposed by the Court, will be entered into the Treasury Offset Program (TOP) so that any federal payment or transfer of returned property to Defendant will be offset and applied to pay the unpaid judgment amount.  Defendant waives the administrative requirements of the Treasury Offset Program, including the requirement that the defendant be delinquent or past due.  Defendant waives all TOP notices, including notices of referral and entry into the TOP and of TOP offsets.

Financial Addendum                          9                    Def. Initials ___

Defendant waives all rights to contest the TOP offsets. Defendant acknowledges that all judgment debts remain past due until paid in full and therefore, agrees that his/her debt will remain in the TOP until paid in full.

****

Defendant understands that the main plea agreement and this financial addendum embody the entire plea agreement between the parties and supersedes any other agreement, written or oral.

29 May 2026
Date

WAYNE FISTER
Defendant

6/1/26
Date

SAMANTHA GREENE
Defense Counsel

6/2/2026
Date

*Alyssa Sanderson* for
ADAM GORDON
United States Attorney
NATHAN BROOKS
Assistant U.S. Attorney

Financial Addendum

10

Def. Initials

## Consent and Agreement to Forfeiture

Benjamin Wong and the United States, by and through its counsel, Adam Gordon, United States Attorney, and Nathan Brooks, Assistant U.S. Attorney, do hereby agree to the following:

1. In consideration of the terms of the plea agreement entered into between Defendant Wayne Fister and the United States in Criminal Case 26-cr-723, Benjamin Wong, Defendant's husband, agrees and consents to the forfeiture of all property seized in connection with the criminal case against Defendant Wayne Fister, including, but not limited to,

a. 6-USP-000028, $50,000.00 in J.P. Morgan Chase & Company account number 2907018095, held in the name of B&W Aviation Group, LLC;

b. 26-USP-000030, $50,000.00 in J.P. Morgan Chase & Company account number 2907361323, held in the name of B&W Lending, LLC;

c. 26-USP-000029, $726,065.96 in J.P. Morgan Chase & Company account number 255303619, held in the name of Everett Enterprises, Wayne Fister Trustee or Benjamin Wong Trustee;

d. 26-USP-000031, $818,371.00 in First Citizens Bank and Trust Company platinum savings account number 5703150804, held in the name of Wayne Wong;

e. 26-USP-000032, $1.00 in First Citizens Bank and Trust Company personal eChecking account number 5871433366, held in the name of Benjamin Wong and Wayne Fister; and,

f. 26-USP-000033, $57.44 in First Citizens Bank and Trust Company platinum savings account number 5686754520, held in the name of Benjamin Wong;

g. Real property located at Real property located at 2035 31st St. San Diego, CA 92104, more particularly described as:

APN/Parcel ID: 539-172-02-00

Legal Description:

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF SAN DIEGO, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA AND IS DESCRIBED AS FOLLOWS:

THE SOUTH 50 FEET OF THE NORTH 100 FEET OF LOTS 45 TO 48 INCLUSIVE, IN BLOCK 2 OF WATKINS AND BIDDIES ADDITION, IN THE CITY OF SAN DIEGO, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO MAP THEREOF NO. 258, FILED IN THE OFFICE OF THE COUNTY RECORDER OF SAN DIEGO COUNTY, JULY 7, 1886.

2. Benjamin Wong acknowledges that the properties described in paragraph 1 above are subject to forfeiture in criminal case 26-cr-723 pursuant to Title 18, United States Code, Section 981 and Title 28, United States Code, Section 2461(c). Benjamin Wong knows that his husband has consented and agreed to the forfeiture of all properties seized in connection with his case pursuant to his plea agreement in the criminal case under the terms set forth in that agreement.

3. Benjamin Wong acknowledges that he has been informed of his right to legal representation of his own choosing to represent him and that he enters into this agreement upon the advice of his own counsel.

4. Benjamin Wong consents to the forfeiture of all the properties seized in connection with his husband's criminal case as described above, and agrees they are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 981 and Title 28, United States Code, Section 2461(c). Bejamin Wong further agrees to not contest the criminal, civil or administrative forfeiture proceedings relating to the properties and agrees by signing this document that his claim(s) and petition(s) filed in administrative forfeiture proceedings are hereby withdrawn. Benjamin Wong waives notice of all forfeiture proceedings with respect

2

to the properties and waives any and all defenses to such proceedings that may be asserted, including, but not limited to, "innocent owner," "community property," and constitutional defenses, and agrees that forfeiture decisions may be entered against the forfeited properties in administrative and/or civil forfeiture proceedings.

5.    The person or persons who made the arrest or the prosecutor shall not be liable to suit or judgment on account of such seizures in accordance with Title 28, United States Code, Section 2465.

6.    Benjamin Wong, his agents or assigns, shall hold and save harmless the United States of America, its agents and employees, from any and all claims which might result from the forfeiture of the properties described above.

7.    This agreement constitutes the entire agreement of the parties and relates solely to the matters described in this agreement.

DATED: _____5/29/26_____ .

_____*Alyssa Sanderson*_____ for ____
Nathan Brooks
Assistant U.S. Attorney

_____
Benjamin Wong
(Spouse of Defendant Wayne Fister)

_____
Ben Steigerwalt
Counsel for Spouse

3